VIRGINIA BOZZA AND COSIMO BOZZA, PLAINTIFFS-AP-
PELLANTS, v. VORNADO, INC., A CORPORATION OF THE
STATE OF NEW JERSEY AND HERSH ENTERPRISES,
INC., A CORPORATION OF THE STATE OF NEW JERSEY,
DEFENDANTS-RESPONDENTS.

Argued May 5, 1964—Decided June 1, 1964.

356

*Mr. George J. Shamy* argued the cause for plaintiffs-appellants (*Messrs. Pincus, Shamy & Sheehan,* attorneys).

*Mr. Marshall Selikoff* argued the cause for defendants-respondents (*Messrs. Jung & Selikoff,* attorneys).

The opinion of the court was delivered by

SCHETTINO, J. Plaintiff, Virginia Bozza, brought a negligence action against defendants, Vornado, Inc. and Hersh Enterprises, Inc., for personal injuries sustained as a result of a fall which occurred on May 19, 1960, on the premises of the defendants. Her husband, Cosimo Bozza, sued *per quod*. At the end of the plaintiffs' proofs as to liability, the trial court granted defendants' motion for an involuntary dismissal. *R. R.* 4:42–2(b). The Appellate Division affirmed. Upon the plaintiffs' petition, we granted certification. 41 *N. J.* 519 (1964).

In ruling on the motion for an involuntary dismissal, the court must accept as true all of the evidence which supports the plaintiffs and gives plaintiffs the benefit of all legitimate inferences which may be drawn therefrom. *Long v. Landy,* 35 *N. J.* 44, 53–54 (1961). We have recently stated that if reasonable minds could differ as to whether any negli-

gence has been shown, the motion should be denied. *Bell v. Eastern Beef Co.*, 42 *N. J.* 126 (1964).

The testimony of Virginia Bozza is as follows. On the evening of May 19, 1960, she was a business invitee in a store in East Brunswick, New Jersey, owned by defendant, Vornado, Inc. About 9:15 P. M., she went to the restaurant or cafeteria portion of the store, leased to defendant, Hersh Enterprises, Inc., and purchased a soda which she drank at the counter. Then, as she described it: "I turned, took a few steps and my right foot slipped out and my left foot went under me and my head snapped back and I landed on my right hand on the floor."

After she had been helped to her feet, plaintiff noticed a chocolate colored substance three or four inches in length on the floor. She described the matter as "a sticky material something gummy. * * * It was a sticky substance which was very slimy." Although she attributed her fall to the "sticky," "slimy" substance, Mrs. Bozza testified there were also drippings, paper straw holders, napkins and dirt on the floor. She also claimed that after the fall: "My dress was dirty, my knees were dirty and my hands were dirty."

Mrs. Bozza said that she had been to the restaurant portion of the store "quite a few times," and she gave the following description of its operation. The restaurant was of the self-service cafeteria type, the customers ordering sodas, hot dogs, hamburgers, French fried potatoes and the like at the counter. She noted that the food and drinks were either consumed at the counter or carried, with or without trays, to nearby tables, and also that the beverages were served in paper cups without any lids or tops. Plaintiff stated that bus boys were employed to clear the tables (although she did not remember any being present at the time of her fall). Finally, she characterized the cafeteria as a "very busy" operation.

In the present posture of this case an inference arises that a dangerous condition existed. Plaintiffs concede that there is no testimony which would establish that defendants had actual notice of the dangerous condition, but contend that

defendants were chargeable with constructive notice of the hazardous condition of the floor from the nature and operation of the business itself, or, alternatively, that constructive notice could be inferred from the facts of the case.

In affirming the trial court, the Appellate Division rejected both of the plaintiffs' arguments on the grounds that the defendants are not insurers, and that there were insufficient facts upon which to base a finding of constructive notice.

However, we deem it unnecessary to decide whether the facts in the instant case would permit an inference of constructive notice on the part of the defendants. Absent an explanation by defendants, a jury could find from the condition of the premises and the nature of the business that defendants did not exercise due care in operating the cafeteria, and that said negligent operation was the proximate cause of Mrs. Bozza's injuries.

Generally, a proprietor's duty to his invitee is one of due care under all the circumstances. Thus, the defendant must use care not to injure plaintiff by negligent activity. Where invitees have been injured by a dangerous condition on the premises of a proprietor, our cases have stressed the proposition that the proprietor is liable for injuries to an invitee if he actually knew of the dangerous condition or if the condition had existed for such a length of time that he should have known of its presence. *Thompson v. Giant Tiger Corp.*, 118 *N. J. L.* 10 (*E. & A.* 1937); *Simpson v. Duffy*, 19 *N. J. Super.* 339 (*App. Div.* 1952), certif. denied 10 *N. J.* 315 (1952). We feel that the concept of actual and constructive notice has been given undue emphasis in our decisions.

As we view the over-all problem, notice is merely one factor for determining whether the defendant has breached his duty of due care. As stated in *Bridgman v. Safeway Stores, Inc.*, 53 *Cal. 2d* 443, 2 *Cal. Rptr.* 146, 148, 348 *P. 2d* 696, 698 (*Sup. Ct.* 1960):

"The requirement of actual or constructive knowledge is *merely a means* of applying the general rule * * * that the proprietor may be liable if he knew or by the exercise of reasonable care could have

discovered the dangerous condition, and it does not alter the basic duty to use ordinary care under all the circumstances." (Emphasis added)

Thus, we believe that when plaintiff has shown that the circumstances were such as to create the reasonable probability that the dangerous condition would occur, he need not also prove actual or constructive notice of the specific condition. Factors bearing on the existence of such reasonable probability would include the nature of the business, the general condition of the premises, a pattern of conduct or recurring incidents. *Mahoney v. J. C. Penney Co.,* 71 *N. M.* 244, 377 *P. 2d* 663, 673 (*Sup. Ct.* 1962). To relieve the plaintiff of the requirement of proving actual or constructive notice in such instances is to effect a more equitable balance in regard to the burdens of proof.

Once plaintiff introduces evidence which raises an inference of negligence, defendant may then negate the inference by submitting evidence of due care. Thus, it could not be said that this rule makes the proprietor an insurer. *Thompson v. Giant Tiger Corp., supra,* 118 *N. J. L.,* at *p.* 13.

This approach is not without some precedent in our courts. In *Torda v. Grand Union Co.,* 59 *N. J. Super.* 41 (*App. Div.* 1959), plaintiff fell on a vegetable leaf located on a wet portion of defendant's floor. There was evidence of a bin nearby which contained vegetables packed in ice, and the court held it was inferable that the source of the water on the floor was the ice-filled bin. The court stated (at *page* 45):

"Defendant argues that it was inferable that the water fell to the floor as the result of the handling by the customers of wet vegetables which they had taken from the bin. We accept this premise. It is then urged that such finding could not be made the basis of liability unless it was established that the defendant had notice, actual or constructive, of the presence of the water. With this we cannot agree since the fact finders might reasonably have concluded that the hazard to business invitees, thus engendered, constituted a risk of harm within the reasonable foresight of defendant and therefore it should have employed a method of refrigeration to obviate this danger or should have taken other means of keeping the floor in a reasonably safe condition. * * *.

In light of all of the circumstances we are convinced that the unexplained presence of water in close proximity to the bin inferentially presented a question of responsibility which defendant was called upon to answer and thus that a *prima facie* case was made out."

Also see *Jacobson v. Yoken's, Inc.*, 104 *N. H.* 331, 186 *A. 2d* 148 (*Sup. Ct.* 1962).

We hold that the testimony of Mrs. Bozza as to the nature of defendants' business and the general condition of defendants' premises would permit a jury to infer negligence on the part of the defendants so that defendants would be required to produce proof of performance of their duty of due care commensurate with the kind and nature of their business. Although the business operation was self-service and was described as "very busy," defendants supplied no lids on the beverage containers, and did not require the use of trays. And the general littered condition of the floor could bespeak improper maintenance. *Cf. Ratering v. Mele*, 11 *N. J. Super.* 211 (*App. Div.* 1951). But we prefer to say that in these circumstances, it is appropriate to require defendants to come forward with proof of the measures they took to deal with the probability that litter would fall and accumulate.

We think plaintiffs' proof was sufficient to withstand the motion for an involuntary dismissal.

Reversed and remanded with costs to abide the outcome of the new trial.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For affirmance*—None.