LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Pauline Ford

v.

Safeway Stores, Inc.

March 27, 1968

Case No. 264

By JUDGE ALEX H. SANDS, JR.

This case, involving a claim by plaintiff for injuries allegedly sustained when she slipped and fell in defendant's store, located at 3400 West Cary Street, was tried without jury on February 7, 1968.

There is little conflict in the evidence as to the facts which are material to the decision in this case. Defendant's store had a rear and a front entrance, both open to patrons. At the front, or Cary Street entrance, there were two check-out stands. There were two aisles connecting the front and the back of the store and along the aisle just adjacent to the check-out counters ran the produce stalls. Part way down this aisle there was a suspended scale adjacent to the produce counter and pushcarts were parked at the entrance to this aisle. (See Plaintiff's Exhibit # 2 AHSjr 2/7/68). A person entering this aisle would first pass the pushcarts and then the suspended scale. This scale was furnished solely for the convenience of customers who might desire to ascertain the weight of their purchase before bagging it and presenting it to the checker at the check-out counter. The checker weighed the package regardless of whether it had or had not been weighed by the customer. Produce was not infrequently spilled from the customers' scale into the aisles by patrons and the manager of defendant's produce knew

of this condition. He swept the area whenever he deemed it necessary "to keep anyone from falling or slipping." On September 24, 1966, plaintiff entered the premises by the rear entrance, passed through the check-out counter, then proceeded towards the aisle in question, heading for the rear of the store, when she slipped on some grapes in the aisle and fell, sustaining the injuries complained of.

## Defenses

The two grounds upon which defendant denies liability are (1) lack of any primary negligence upon the part of defendant, and (2) contributory negligence existing upon the part of plaintiff.

## Primary Negligence

Plaintiff does not seek to establish liability predicated upon the presence upon the floor of the particular article in question, the grapes. Her evidence fails to show either that defendant's employees caused these grapes to spill in the aisle or that the grapes had been on the floor for a sufficient length of time to impute constructive notice of their presence to defendant. Our Supreme Court of Appeals in a long line of cases has held that where the gravamen of the charge of negligence is the presence of a particular foreign substance upon the floor of a store, notice to the store of such condition, either actual or constructive, must be shown as a condition precedent to recovery.[1]

Plaintiff's theory of recovery is predicated upon the existence upon defendant's premises of a condition, created by defendant, alleged to have been of a dangerous nature and one which was known or should have been known to defendant to be a potential source of harm to its patrons.

---

[1] A. & P. Tea Company v. Berry, 203 Va. 913 (1962); Colonial Stores v. Pulley, 203 Va. 535 (1962); A. & P. Tea Company v. Rosenberger, 203 Va. 378 (1962); Safeway Stores, Inc. v. Tolson, 203 Va. 13 (1961); State-Planters Bank, etc. v. Gans, 172 Va. 76 (1939).

This concept is similar to, but not the same as, that of structural defect.[2]

While the precise question does not appear to have been before the Virginia Supreme Court of Appeals, there appears to be a fast growing volume of case law in other jurisdictions supporting recovery in cases factually analogous to the case at hand.[3] The thrust of these cases is that the "self service" type of store, as distinguished from the method of "clerk service," has the built-in hazard of spillage by hustling customers and that where, in a particular store, this method of operation is coupled with proof of past instances of spillage[4] that the store will be charged with foreseeing the probable harm to its patrons. This theory of liability is predicated upon foreseeability of harm resulting from a future spillage rather than upon notice of the particular one which causes the harm.

The distinction between these two theories of recovery is thus pointed up in *Maugeri v. A. & P.*, 357 F.2d 202 (3d Cir. 1966) thus:

> At the outset it is imperative that we delineate between two different theories of recovery that may be pursued in a fall-down case such as this. The first of these is where the conduct of the defendant, in and of itself, creates a foreseeable risk of harm. In such cases actual

[2] Cf. Norfolk v. Anthony, 117 Va. 777 (1915).

[3] Carl's Markets, Inc. v. De Feo, et al., (Fla.) 55 So. 2d 184; Wollerman v. Grand Union Stores, 47 N.J. 476, 221 A.2d 513; Strack v. Great A. & P. Tea Co., 35 Wis. 2d 51; Rhodes v. El Rancho Markets, 4 Ariz. App. 183; 418 P.2d 613; Maugeri v. A. & P. Tea Co., 357 F.2d 202 (3d Cir. 1966); Bozza v. Vornado, Inc., 42 N.J. 355, 200 A.2d 777; Torda v. Grand Union Co., 59 N.J. Sup. 41, 157 A.2d 133.

[4] Mere "self service" operation alone is not sufficient to support this theory of recovery, but must be coupled with evidence of past instances of spillage in order to acquaint the storeowner with the potential danger. This is aptly illustrated by a comparison of Simpson v. Duffy, (N.J.) 88 A.2d 520, with Torda v. Grand Union, (N.J.) 157 A.2d 133, and Bozza v. Vornado, (N.J.) 200 A.2d 777.

or constructive notice is not an element of proof. The second theory is concerned with a condition which arises through no fault of the defendant. In these cases the defendant cannot be held liable unless he had actual or constructive notice of the condition. This distinction becomes meaningful especially where there is an intervening act by a third party. *Where the intervening act is foreseeable, the defendant remains liable even if he does not have notice of the condition created by it.* (Emphasis added.)

In speaking of the hazards of a self service operation the Court in *Rhodes v. El Rancho Markets* (where the plaintiff slipped upon a piece of wet lettuce) says:

When produce is displayed and handled in such fashion, the storekeeper must take reasonable protective measures for the benefit of customers who might slip and fall on vegetable matter dropped on the floor by employees or other customers. . . . In other words, the storekeeper's vigilance must be commensurate with the risk.

In *Strack v. A. & P., supra*, it is said:

More importantly, we think super markets which display their produce and fruit in such a way that they may be handled by customers and dropped or knocked to the floor unintentionally is a way of doing business which requires the storekeeper to use reasonable measures to discover and remove such debris from the floor.

Applying the rationale of these cases to the facts in the case at bar, the most flagrant breach of duty appears. The manager of defendant's produce department admits that to his knowledge the use of these scales in question by customers was careless and sloppy and that on a number of prior occasions they had spilled grapes on the floor in the vicinity of the scales. When we add to this the significant fact that the scales were

located in an aisle which constituted one of the two passageways from the front to the rear of the store the duty becomes even greater upon defendant to guard against potential danger to customers created by this condition. This probably accounts for the fact, as testified to by the same witness, that in at least some of the other similarly operated stores only the store employees are allowed to use the scales.

Sitting as trier of fact, the Court holds that the defendant was negligent in failing to take safeguards commensurate with the risk to avoid injury to its patrons occasioned by this dangerous condition.

## Contributory Negligence

Defendant contends that the condition complained of, even if existing, was as open and obvious to plaintiff as to defendant and that her injury was occasioned, at least in part, by her own lack of care for her safety. The evidence is that at the time of this occurrence, defendant stored its pushcarts in the entranceway to the aisle in question. Plaintiff says that as she entered the aisle and immediately prior to slipping that her attention was directed toward avoiding stumbling over these carts.

Plaintiff was not required to look constantly at the floor[5] and, while she could not walk headlong into an obvious danger,[6] she nevertheless had the right to assume that the defendant had discharged its duty and that she was upon safe premises until she knew, or should have known, of the unsafe condition.[7] It is held that she was not negligent in directing her attention toward avoiding the carts which partially blocked the aisle.

[5] Gall v. Tea Company, 202 Va. 835, 837 (1961).

[6] Snyder v. Ginn, 202 Va. 8 (1960).

[7] Tea Company v. Rosenberger, 203 Va. 378 (1962).

## Damages

Plaintiff had had a prior operation for a hernia condition which had been repaired with stainless steel wire. The fall in defendant's store resulted, according to Dr. Christie, in an incisional hernia, the steel wires from the old operation separated and the unprotected ends stuck into plaintiff. It was also found that she had a gall bladder condition unrelated to her fall and this was repaired at the same time.

Her hospital bill was $403.55 of which $317.00 was attributed by Dr. Christie to her fall and $250.00 of his $310.00 bill was attributable to her fall. She still suffers with her ankle. She was hospitalized from December 8 to December 17. Dr. Christie testified that in his opinion plaintiff made a full and complete recovery within six weeks after leaving the hospital.

Judgment will be rendered for plaintiff in the amount of $3,000.00.