JONES, Justice:
Appellant, hereafter called Mrs. White, sued The Great Atlantic & Pacific Tea Company, Inc., in the Circuit Court of the First Judicial District of Hinds County, Mississippi, for damages alleged to have been received because of the negligence of appellee. At the conclusion of all the evidence, the court gave a peremptory instruction for the defendant; and upon the entry of a judgment thereon, this appeal was prosecuted. We reverse and remand.
Appellee operated a general store for the sale of groceries in Appleridge Shopping Center in the City of Jackson, Mississippi. In.front of the store was a roof-covered sidewalk, its width measuring eight feet. On or about December 10, 1968, the events here involved occurred: the appel-lee, prior to the date aforesaid, had received Christmas trees for sale and had arranged them for display along the outer edge of the sidewalk and against the wall of the building in which the store operated. The trees along the wall of the store building were standing with their bases on the walk and were leaning against the wall. Those on the outer edge of the sidewalk were suspended from the covering over the walk and were hanging so that some of the trees were based on the street at the edge of the curb, which was several inches above the street, and some were hanging just above the curb. The tree trunks were three to four inches in diameter and six or seven feet tall. Their limbs were approximately two feet in length.
Mrs. White, as well as other customers, was invited to use the walkway which had been prepared by the appellee. Mrs. White testified that the open space provided for walking between the rows of trees was just wide enough for one person to use. On the occasion in question she had been to the store, had purchased some articles, and had left the store with a bag of groceries in her arms. As she was going through the path or way provided, one of the trees struck her in the face and momentarily blinded her. She fell and received a severe injury. It is unnecessary to go into the extent of the injuries since there was no judgment for damages. Although Mrs. White was not certain about what caused the tree to fall against her or to be where she would walk into it, she thought perhaps the wind or a breeze from a passing car had blown it.
The court having given the peremptory instruction for the store, we must construe most favorably to Mrs. White the evidence offered, together with any reasonable inferences that are logically drawn therefrom. The lower court considered *515 that the plaintiff did not meet the burden of showing any negligence on the part of the store. Of course, the store did not owe Mrs. White the duty to furnish her a walk absolutely safe or in such a condition that no accident could possibly happen to her; it was not her insurer. Nevertheless, it did owe her, as an invitee, the duty to exercise reasonable care to provide a reasonably safe place for her to be while she was exercising reasonable care for her own safety. General Tire & Rubber Co. v. Darnell, 221 So.2d 104 (Miss.1969); Stanley v. Morgan & Lindsey, Inc., 203 So.2d 473 (Miss.1967); Daniels v. Morgan & Lindsey, Inc., 198 So.2d S79 (Miss.1967).
We said in Wilson v. Kirkwood et al., 221 So.2d 79 (Miss.1969):
We said in Mock v. Natchez Garden Club, 230 Miss. 377, 92 So.2d S62 (1957):
“[TJhat if reasonable men might have a difference of opinion as to whether or not the negligence of the actor constituted a substantial factor in bringing about the injury, then the question is for the jury. We have also held repeatedly in cases too numerous to mention that upon a motion for a directed verdict all the facts expressly testified to, and all inferences necessarily and logically to be deduced therefrom, are to be taken as true in favor of the party against whom the motion is asked, and that a case should not be withdrawn from the jury unless the conclusion follows as a matter of law that no recovery can be had upon any view which can be properly taken of the facts zvhich the evidence tends to establish, and further that if more than one reasonable inference can be drawn from the facts the question of negligence is for the jury.” Id. at 382, 92 So.2d at 563 (Emphasis added.)
Section 1455 Mississippi Code 1942 Annotated (1956) provides:
“All questions of negligence and contributory negligence shall be for the jury to determine.” (221 So.2d at 81).
In this case, the operators of the store prepared a way of entry for customers ; the way was lined on each side with trees three and one-half or four inches in diameter and six or seven feet high, with limbs extending two feet from the body of the trees. Some trees were leaning against the wall with their bases on the walk; and those trees on the outside of the walk were fastened to the roof by ropes, and were hanging so that some of them protruded over the top of the sidewalk. The appellee prepared such walkway or such way of .entry for its many customers, and it knew at Christmas time that its customers would carry (as Mrs. White was doing at the time of the accident) bags loaded with merchandise or groceries, which could block one’s vision. As heretofore stated, the evidence most favorable to Mrs. White said that the pathway was only wide enough for one person to enter.
The defendant-appellee, in an effort to show due care on its part, introduced one of the officers of the corporation and several employees working at the store. Mr. Charles Miller, the supervisor of the A & P Stores and a citizen of Jackson, testified in response to an inquiry as to the precautions sent from his management level to the various stores concerning Christmas tree displays:
Well, when they are first received from the trucks we are instructed to cut them loose, stack them against the building and take that netting off of them and be sure that they are standing, and con-tantly aware of the falling of Christmas trees when the customers are shopping, and all the employees in the store are cautioned from time to time to straighten up the displays.
This evidence was corroborated by three or four of the employees who testified. There was no dispute as to the fact that the employees were instructed to straighten the trees on every occasion and to be sure to inspect and straighten the trees each time they carried groceries to the customers’ cars.
*516 The jury might well have found from this proof that the trees did swing or fall constantly. There is no evidence that Mrs. White knew the trees were swinging or falling until one struck her in the face.
The jury could also infer as necessarily and logically following this evidence that the appellee anticipated that there would be some injury from said trees and that the work performed by the employees as hereinbefore shown was because of the anticipation of injury. We are of the opinion the case should have been submitted to the jury for it to find whether the store owner was negligent. The case of swinging or falling objects is distinguishable from cases involving fixed or rigid defects.
Reversed and remanded.
RODGERS, P. J., and BRADY, SMITH and SUGG, JJ., concur.