656 So.2d 84 (1995)
Juanita DOWNS and James B. Downs, Jr.
v.
Johnny CHOO, d/b/a Bing's Super-Value.
No. 91-CA-00840-SCT.
Supreme Court of Mississippi.
May 11, 1995.
*85 Rabun Jones, Howard Dyer, III, Dyer Dyer Jones & Daniels, Greenville, for appellants.
Bradford L. Henry, Tutor Henry & Edwards, Dan W. Webb, Webb Sanders Deaton Balducci Smith & Faulks, Tupelo, for appellee.
EN BANC.
PRATHER, Presiding Justice, for the Court:
This appeal is a premises liability case filed by Appellant James Downs (Downs), a patron at the business of Johnny Choo, d/b/a Bing's Super-Value, Appellee (Bing's). From the grant of summary judgment by the Washington County Circuit Court in favor of Bing's, Downs filed a notice of appeal raising one error:
In granting summary judgment to the defendant, despite the existence of material issues of fact, the trial court committed reversible error and deprived James Downs of his right to a jury trial under section 31 article 3 of the Mississippi Constitution of 1890 as well as the 7th and 14th amendments of the United States Constitution.

I. FACTS
James Downs, 68 years old, went to Bing's on November 26, 1988 around 12:30 or 1:00 p.m. to purchase some bell peppers and onions for his wife, Juanita. He pulled his shopping cart into the produce section, stopped the cart, and walked toward the banana bin. Downs slipped on a banana on the floor and fell within about five feet of Wade Curtis, a store employee. Alleging physical and mental pain and suffering from his slip and fall due to the negligent act of Bing's in not maintaining a safe environment for business customers, Downs sued for damages.

II. LAW
This Court reviews a trial court's grant of summary judgment de novo. Mantachie Nat. Gas v. Miss. Valley Gas Co., 594 So.2d 1170, 1172 (Miss. 1992). When reviewing an award of summary judgment, this Court views all evidence in the light most favorable to the non-movant, including "admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.," and will presume that all evidence in the non-movant's favor is true. Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss. 1993). If there is a doubt as to whether there exists a genuine issue of material fact, the non-movant receives the benefit of that doubt. Mantachie, 594 So.2d at 1173.
The party moving for summary judgment has the burden of persuading the court that there are no genuine issues of material fact and, therefore, they are entitled to summary judgment as a matter of law. Daniels, 629 So.2d at 600. However, the parties are responsible for the production of evidence corresponding to their respective burdens at trial. Id. Summary judgment should only be granted when it is shown, beyond a reasonable doubt, that the non-movant would be unable to prove any facts to *86 support his claim. McFadden v. State, 580 So.2d 1210, 1214 (Miss. 1991). Finally, it is reversible error for a trial court to substitute its summary judgment for a jury's consideration of disputed factual issues if material to the case. Brown v. Credit Center, Inc., 444 So.2d 358, 366 (Miss. 1983).
Corresponding to Downs' burden at trial, in order for him to withstand summary judgment, he must produce significant and probative evidence to support his claim. Daniels, 629 So.2d at 600. In order for a plaintiff to recover in a slip-and-fall case, he must (1) show that some negligent act of the defendant caused his injury; or, (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or, (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition. See Moore v. Winn-Dixie Stores, Inc. et al., 252 Miss. 693, 173 So.2d 603 (1965); Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss. 1992).
Downs argues that since Bing's employees rotate the bananas every morning, it is possible that one of the store's employees negligently dropped the banana that caused his injury. He claims that this is enough circumstantial evidence to present this question to a jury, relying on Williamson v. F.W. Woolworth, 237 Miss. 141, 112 So.2d 529 (1959).
Downs alleges that he went to Bing's on November 26, 1988 around 12:30 or 1:00 p.m. to purchase some bell peppers and onions for his wife. He pulled his basket to the produce section, stopped the basket and walked toward the banana section, then slipped on a banana and fell to the floor. He fell within about five feet of a store employee, Wade Curtis (Curtis). Downs stated that he did not see the banana before he fell forward and caught himself on his hands and knees. He said the banana was dark in color, indicating that it was old produce.
Choo claimed that usually every morning, his employees pick out the really ripe bananas and bag them up for sale at the front of the store. The employees in charge of produce are to keep produce off the floor and employee Johnny Nichols sweeps the entire store approximately every two hours.
Johnny Nichols, whose job entails sweeping Bing's all day, remembered working the day Downs fell. According to Nichols, it took him twenty (20) minutes to sweep the entire floor. Nichols would "sometimes ... take a lunch break according [sic] how the traffic is." Nobody helped Nichols sweep. He said he did not take a lunch break on the day Downs fell. Nichols stated in his affidavit that he had swept the floor area where Downs fell prior to the accident on the day in question and that he had removed any and all debris from the floor.
Nichols heard the accident, ran over to the produce section, and saw Wade Curtis pick up the banana. He noticed the banana was not dark  or at least did not have too many bad spots on it. He said the banana did not appear to be mashed or broken.
Art Johnson (Johnson) is the front end manager at Bing's. Johnson was working on November 26, 1988, and remembered Wade Curtis telling him that a man had fallen in the produce area. Curtis told Johnson the man had fallen on a banana and Johnson later saw the remains of the banana on the floor. He said the banana was yellowish-green in color and was depressed on one end. Johnson wrote up an accident report and sent it to Bing's insurer.
The issue now raised is whether the trial court was in error by granting summary judgment concluding that there was no genuine issue of a material fact. There was a dispute as to the timely and non-negligent removal of the banana from the produce bin by the store's employees. The plaintiff should have been allowed to present his evidence in a trial below to settle the disputed issue by the jury.
Additionally, this Court has recently revisited our law on the comparative negligence standard. In Tharp v. Bunge, 641 So.2d 20, 23 (Miss. 1994), this Court recognized that:
Mississippi led the nation at the turn of this century by being the first state to *87 adopt a pure comparative negligence standard. Mississippi Code Ann. § 11-7-17 (1972) reads that "all questions of negligence and contributory negligence shall be for the jury to determine." Miss. Code Ann. § 11-7-17 (1972). For the open and obvious defense to be a complete bar to a negligence claim, the plaintiff must be one hundred percent (100%) negligent himself. Miss. Code Ann. § 11-7-15 (1972). Mississippi Code Ann. § 11-7-15 states the fact that "the person injured, or the owner of the property . .. may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property... ." Miss. Code Ann. § 11-7-15 (1972).
More recently in Tate v. Southern Jitney Jungle Co., 650 So.2d 1347 (Miss. 1995), this Court reaffirmed "that the open and obvious doctrine is not a complete defense to negligent actions in premises liability cases where the condition complained of is unreasonably dangerous." 650 So.2d at 1351.
The parties here should have the benefit of this change in our jurisprudence. The trial court did not have the benefit of these recent cases and, for this reason, the summary judgment is reversed and remanded to the trial court for further proceedings.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
HAWKINS, C.J., McRAE and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
SULLIVAN, J., dissents with separate written opinion joined by PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ.
SULLIVAN, Justice, dissenting:
Downs clearly failed to present significant and probative evidence in support of his slip-and-fall claim. There are no disputed issues of material fact and Bing's Super-Value is entitled to judgment as a matter of law. The Washington County Circuit Court properly granted summary judgment in Bing's favor. The question of whether or not the banana on which Downs slipped was open and obvious need not concern us in our resolution of this case. Downs never presented enough evidence to support a theory of negligence. Without the establishment of a prima facie case of negligence, we never reach the open and obvious defense issue. Accordingly, I respectfully dissent.
Downs filed this premises liability case against Johnny Choo, d/b/a/ Bing's Super Value (Bing's), on December 12, 1990, alleging that Bing's was negligent, and as a proximate result he sustained permanent physical injuries. Downs was shopping for produce at Bing's on November 26, 1988, at approximately 12:30 to 1:00 p.m. when he slipped on a banana and fell to the floor injuring himself. He allegedly experienced severe physical and mental pain and suffering. At the time of the accident, Downs was 68 years of age. His complaint alleged he was entitled to a trial by jury and a judgment in the amount of $250,000.00.
Bing's filed a Motion For Summary Judgment on March 27, 1991. The court granted summary judgment in favor of Bing's on July 19, 1991. Downs filed a notice of appeal on August 14, 1991. He raises one assignment of error on appeal:
In granting summary judgment to the defendant, despite the existence of material issues of fact, the trial court committed reversible error and deprived James Downs of his right to a jury trial under section 31 article 3 of the Mississippi Constitution of 1890 as well as the 7th and 14th amendments of the United States Constitution.

I.

THE FACTS
Downs went to Bing's on November 26, 1988 around 12:30 or 1:00 p.m. to purchase some bell peppers and onions for his wife Juanita. He pulled his shopping cart into the produce section, stopped the cart and walked toward the banana bin. Downs slipped on a banana and fell to the floor within about five feet of Wade Curtis, a store employee.
*88 Downs has maintained that the banana he slipped on was dark, almost black in color. Bing's employees have maintained that the banana was greenish-yellow in color. Downs testified at his deposition that he was born in 1920, and has not worked since 1963 when he suffered a back injury at work while unloading a truck. The 1963 back injury left Downs totally disabled. Downs also has continual problems with his shoulders because of an injury he sustained during combat training for World War II. He was also diagnosed with diabetes in 1967. He had heart problems in 1968. He also required surgery on his carotid artery when he suffered a minor stroke. He has been married to his wife Juanita since 1944.
After Wade Curtis helped him up, Downs finished his shopping and went home. When he got home, he complained to his wife that he was in pain and drove himself to the emergency room at Delta Regional Medical Center. The doctor told him he had two fractured ribs. He said he has taken tranquilizers since 1963  since the time he fell while unloading a truck at work  to help him sleep at night.
Downs claimed at his deposition that his fall has resulted in problems other than fractured ribs; however, he did not know precisely what other problems he has had, and did not want to state what other problems he has had for fear of being incorrect. He said he did not know how much he would incur in medical expenses in the future. Downs was released by one doctor who had been treating him for his ribs and his back. He has only actually paid about $800 or $900 in medical bills related to the fall.
Choo, Bing's owner and operator, said that usually every morning his employees pick out the really ripe bananas and bag them up for sale at the front of the store. The employees in charge of produce are to watch to keep produce off the floor, and Johnny Nichols sweeps the entire store once approximately every two hours.
Johnny Nichols' (Nichols) job is to sweep the floor at Bing's  he sweeps all day long. He remembers working the day Downs fell. According to Nichols, it takes him twenty (20) minutes to sweep the entire floor. Nichols stated in his affidavit that he had swept the floor area where Downs fell prior to the accident on the day in question, and that he had removed any and all debris from the floor.
Nichols said that on any given day he might or might not see a banana on the floor. On the day of the accident, Nichols had not seen a banana on the floor. Nichols heard the accident, ran over to the produce section and saw Wade Curtis pick the banana up. He noticed the banana was not dark  or at least did not have that many bad spots on it.
Johnson testified at his deposition as to the way the bananas were stacked. He stated that there are two wire bins on each side of the bananas. The wire bins are six or eight inches high. The bananas are placed in pyramid fashion approximately two feet above the wire bins, but not such that they are stacked straight up where the wire is. Pictures of the store's banana display accompany Juanita Downs' affidavit and show that although the bananas are not stacked straight up from the wire railing, they do apparently extend beyond the rail on occasion. Downs' affidavit says that although the pictures attached to Juanita Downs' affidavit are fair and accurate depictions of the banana display, that on the day in question, the bananas were stacked much higher.
Wade Curtis (Curtis) said that on the day Downs fell, he was putting up vanilla wafers in a bin next to the bananas. Curtis' affidavit states that he inspected the area of the floor where Downs fell just moments before the accident and there was no banana on the floor. He stated that he quite often sees a banana on the floor.

II.

THE LAW

WHETHER THE TRIAL COURT PROPERLY GRANTED SUMMARY JUDGMENT IN FAVOR OF BING'S?
This Court reviews the record de novo to determine if the trial court properly granted summary judgment. Mantachie Natural Gas District v. Mississippi Valley Gas Company, 594 So.2d 1170, 1172 (Miss. 1992). Disposition *89 of cases by summary judgment is not looked upon favorably by this Court, and is only appropriate in the most extreme circumstances. When reviewing an award of summary judgment, this Court views all evidence in a light most favorable to the non-movant, including "admissions in pleadings, answers to interrogatories, depositions, affidavits, etc," and presumes that all evidence in the non-movant's favor is true. Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss. 1993) (citing Mantachie, 594 So.2d at 1172). See also, M.R.C.P. 56(c). Furthermore, the non-movant receives the benefit of the doubt as to whether a factual dispute constitutes a genuine issue of material fact that would serve to defeat summary judgment. Id.
A motion for summary judgment should only be granted when it is shown, beyond any reasonable doubt, that the non-movant would not be able to prove any facts to support his claim. McFadden v. State, 580 So.2d 1210 (Miss. 1991). Furthermore, it is not acceptable for a trial court to use summary judgment as a substitute for a jury's consideration of triable factual issues. Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983).
The party moving for summary judgment bears the burden of persuading the trial court that there are no genuine issues of material fact, and that he is entitled to judgment as a matter of law. Daniels, 629 So.2d at 600 (citing Skelton v. Twin County Rural Elec., 611 So.2d 931, 935 (Miss. 1992)). The parties are responsible for the production of evidence corresponding to their respective burdens at trial. Id.
Downs would bear the burden of proof at trial. Therefore, summary judgment is proper if Bing's has persuasively shown that Downs has not created a record containing supportive evidence of significant and probative value. Otherwise, summary judgment should be overruled.
In order for a plaintiff to recover in a premises liability case,
he must show the proprietor had actual knowledge of a dangerous condition, or the dangerous condition existed for a sufficient amount of time to establish constructive knowledge, in that the proprietor should have known of the condition, or the dangerous condition was created through a negligent act of a store's proprietor or his employees.
Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss. 1992). Downs would have to present significant and probative evidence under one of the above theories in order to withstand a motion for summary judgment.
No proof that the proprietor was on notice of the dangerous condition is necessary when the plaintiff is able to trace the dangerous condition to a negligent act committed by the proprietor or store employee. Moore v. Winn-Dixie Stores, Inc., 252 Miss. 693, 173 So.2d 603 (1965). The only indication in the record that Choo or one of his employees created the dangerous condition through a negligent act is the fact that every morning employees rotate the bananas, placing the fresh green bananas on the bottom and the older bananas on top (overripe bananas are taken to the front of the store and bagged for sale), coupled with Downs' affidavit stating that the banana he slipped on was dark, almost black in color. Bing's employees stated that the banana was yellow or greenish-yellow. Downs argues that upon viewing this evidence in a light most favorable to him, a jury issue is created as to whether or not a Bing's employee negligently dropped the banana.
The majority essentially relies on Williamson v. F.W. Woolworth, 237 Miss. 141, 112 So.2d 529 (1959), to find in Downs' favor on the summary judgment issue. However, the majority opinion does not provide much analysis, stating only the following:
The issue now raised is whether the trial court was in error by granting summary judgment concluding that there was no genuine issue of material fact. There was a dispute to the timely and non-negligent removal of the banana from the produce bin by the store's employees. The plaintiff should have been allowed to present his evidence in a trial below to settle the disputed issue by the jury.
(Majority opinion at 86) (Emphasis added). Apparently the majority theorizes, as did Downs in his brief to this Court, that since *90 negligence may be proven by circumstantial evidence, it would be reasonable for a jury to conclude that a Bing's employee dropped the banana in question during the rotation process. However, the Williamson case is distinguishable from the present case. In that case, a man slipped on a banana peel that was very dark in color in a store that did not sell bananas, but did serve banana splits. The banana splits were served at counters at the front and rear of the store. The employees who served the banana splits peeled the bananas and threw away the peels behind the counter. From that, this Court reasoned that a jury might reasonably believe that an employee of the store had dropped the peeling that caused the accident. The Court also reasoned that there had been no evidence presented that the store employees had followed the usual custom that day of inspecting the aisles and picking up debris. Id. at 148, 112 So.2d at 532.
In this case, while it is true that one explanation for the banana being present on the floor is that an employee dropped the banana, the inference here is not nearly as reasonable and reliable as the one made by the Court in Williamson. Here, customers have access to, and purchase, individual bananas from Bing's  unlike the store in Williamson where only the employees had access to the actual peelings and the plaintiff slipped on a banana peeling. Furthermore, there is undisputed evidence that Wade Curtis, who was stocking the vanilla wafer bin adjacent to the bananas, checked the area where Downs fell just moments prior to his accident, and there was no banana on the floor. Also, Johnny Nichols stated that he swept the area where Downs fell that morning, and would have removed any debris that he saw. Moreover, Downs admitted that he had no idea how long the banana had been on the floor.
Further, although it is not mentioned by the majority opinion, Downs cites Howell v. Ernest Yeager & Sons, Inc., et al., 215 So.2d 702 (Miss. 1968), which, similar to Williamson, held that a jury question was presented as to whether a store employee was responsible for a woman's injuries by negligently dropping a banana during the rotation process. In that case the record contained an uncontradicted admission from the employee responsible for rotating the bananas that he might have dropped the banana. That type of uncontradicted admission does not exist in the record in this case. Moreover, as mentioned above, the circumstantial inference Downs relies on is contradicted by Curtis' testimony that the floor was banana free just moments prior to Downs' fall.
Additionally, this Court has said:
In determining whether there was sufficient evidence on the question of defendant's negligence for decision of that issue by a jury two well established principles should be kept in mind. One is that negligence may be established by circumstantial evidence in the absence of testimony by eyewitnesses provided the circumstances are such as to take the case out of the realm of conjecture and place it within the field of legitimate inference. ...
Moore, 252 Miss. at 703, 173 So.2d at 603, quoting Johnston v. Canton Flying Services, Inc., 209 Miss. 226, 46 So.2d 533 (1950). There is no absence of testimony by eyewitnesses here. Wade Curtis saw Downs fall and saw that there was no banana on the floor just prior to the accident. Further, rotation did not take place between the time Curtis saw that the floor was banana free and the time Downs fell. Therefore, circumstantial evidence, taking into account Curtis' testimony, is arguably not even permissible in this case. Even if circumstantial evidence is appropriate here, it is my opinion that Downs' argument is much closer to conjecture than legitimate inference.
Downs asserts that he may also recover because of the negligent manner in which Bing's stacks its bananas for sale. As I have already pointed out, no proof that the proprietor was on notice of the dangerous condition is necessary when the plaintiff is able to trace the dangerous condition to a negligent act committed by the proprietor or store employee. Moore, 252 Miss. at 703, 173 So.2d at 603. Downs' argument is that the dangerous condition in this case, a banana on the floor, can be traced to the negligent *91 manner in which Bing's stacks and displays its bananas. It must be remembered that Downs is still responsible for creating a legitimate inference through this circumstantial evidence  mere conjecture will not suffice to create a prima facie case under this theory. Moore.
Downs has asked us to consider a case from the Third Circuit, Maugeri v. Great Atlantic and Pacific Tea Company, 357 F.2d 202 (3rd Cir.1966), as well as Mississippi law, in support of his argument. In Maugeri, a woman slipped on some broken and slimy scallion leaves on the floor. The scallions were displayed on a slanted rack and the leaves on the floor where the plaintiff fell were about one foot away from the slanted rack. The Maugeri Court held that the plaintiff was not responsible for proving that the store had actual or constructive notice, thus the elimination of the issue of negligence from the jury based on the absence of actual or constructive notice was deemed error.
However, the Maugeri Court also pointed out that a proprietor is not an insurer of an invitee's safety, recognizing the following:
Once a plaintiff introduces evidence which raises an inference of negligence, defendant may then negate the inference by submitting evidence of due care. Thus, it could not be said that this rule makes the proprietor an insurer.
Id. at 204 (citing Bozza v. Vornado, Inc., 42 N.J. 355, 200 A.2d 777 (1964)) (emphasis added). Evidence of due care was established by Bing's in this case. Nichols swept the floor on the day of the accident and Wade Curtis inspected the floor where Downs fell just moments prior to the fall. It is undisputed that Bing's took measures to keep the floor in a reasonably safe condition, and that the employees had followed store policy on the day in question. Even considering law from the above jurisdictions, given the evidence contained in this record, Downs could not prevail under a negligent display theory.
Downs also cites White v. Great Atlantic & Pacific Tea Co., 257 So.2d 513 (Miss. 1972) in support of his assignment on appeal. In White, this Court reversed the trial judge because he granted a peremptory instruction in favor of the defendant. The facts, in pertinent part, were as follows:
[T]he operators of the store prepared a way of entry for customers; the way was lined on each side with trees three and one-half or four inches in diameter and six or seven feet high, with limbs extending two feet from the body of the trees. Some trees were leaning against the wall with their bases on the walk; and those trees on the outside of the walk were fastened to the roof by ropes, and were hanging so that some of them protruded over the top of the sidewalk. The appellee prepared such walkway or such way of entry for its many customers, and it knew at Christmas time that its customers would carry (as Mrs. White was doing at the time of the accident) bags loaded with merchandise or groceries, which could block one's vision. As heretofore stated, the evidence most favorable to Mrs. White said that the pathway was only wide enough for one person to enter.
* * * * * *
The jury might well have found from th[e] proof that the trees did swing or fall constantly. There is no evidence that Mrs. White knew the trees were swinging or falling until one struck her in the face.
Id. at 515-16 (emphasis added). The present case is distinguishable. In White we found that the jury could have found that the trees were constantly falling and swinging in the pathway customers were forced to take in and out of the store  the pathway only being wide enough for one person at a time.
In this case, there was no evidence to support a potential jury finding that bananas were constantly found on the floor, nor that the store had reason to anticipate such an accident. It is true that Nichols was responsible for sweeping the floor (as he did on the day in question), and that Wade Curtis inspected the floor just prior to Downs' fall, but there is no evidence indicating Bing's was specifically concerned with dangerous conditions being constantly caused by bananas falling on the floor.
Of course, Downs may recover if the evidence shows Bing's was on actual notice that *92 this particular banana was on the floor constituting a dangerous condition. There is no evidence to support this theory  there simply is no evidence that anyone at Bing's knew this banana was on the floor until after Downs' accident.
Downs could prevail if the record supports the theory that even if Bing's workers did not know the banana was on the floor, they should have known the banana was on the floor. With regard to this constructive knowledge path to liability, we have said:
In [Jerry Lee's Grocery, Inc. v.] Thompson, 528 So.2d [293,] at 294, we found the evidence insufficient to show constructive knowledge when a plaintiff slipped in a puddle of pine scented cleaner, which witnesses described as being dirty and having shopping cart tracks running through it. In Waller [v. Dixieland Food Stores, Inc.], 492 So.2d [283] at 286, we found the evidence insufficient to prove constructive notice where a store employee had checked an aisle at 10:00 a.m. and an accident occurred at 12:30 p.m., because we reasoned it was "just as logical to presume the liquid was spilled at 12:29 p.m. as it [was] to presume the liquid was spilled at 10:01." Similarly, in Douglas [v. Great Atlantic and Pacific Tea Co.], 405 So.2d [107] at 110, we also found the evidence was insufficient to show constructive knowledge when a store employee walked an aisle at 11:30 a.m. and an hour and a half later a customer slipped and fell in a pool of water near a frozen food case.
Munford, 597 So.2d at 1285. Wade Curtis' affidavit states that he checked the area where Downs fell just moments before the accident and there was nothing on the floor. Johnny Nichols stated that he swept the produce area sometime during the morning of the day in question, and would have removed any debris from the floor; and, in fact, sweeps all day long as he is solely responsible for floor care management.
The evidence contained in the record indicates, given Curtis' and Nichols' uncontradicted statements that the floor was clean coupled with Downs' admission that he did not know how long the banana had been on the floor, that the banana was not on the floor for a sufficient period of time to give notice to Bing's employees. Therefore, since it is not only just as logical, but more logical to presume that the banana fell immediately prior to Downs' fall, he cannot prevail on the constructive knowledge theory. Waller, 492 So.2d at 286.
I fully recognize that the open and obvious doctrine does not serve to completely bar negligent actions of this kind. Tharp v. Bunge Corp., 641 So.2d 20 (Miss. 1994). However, there is no reason to reach the question of whether the dangerous condition in this case could be deemed open and obvious. Downs has clearly not presented a jury question on the issue of whether Bing's failed to maintain its premises in a reasonably safe condition.

III.

CONCLUSION
Downs' assignment of error is without merit. There are no genuine issues of material fact that would allow this case to go to a jury. Downs failed to produce significant probative evidence in support of any of the theories upon which a plaintiff can recover in a premises liability case in this state. Consequently, the trial court properly granted summary judgment in favor of Bing's.
Because I believe, based on the foregoing reasons, that the judgment of the Washington County Circuit Court should be affirmed, I respectfully dissent.
PITTMAN, BANKS and JAMES L. ROBERTS, Jr., JJ., join this opinion.