**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3040-16T4

ESTATE OF DIONYSIOS MARKETOS,

    Plaintiff-Appellant,

v.

CAREPOINT HEALTH,

    Defendant-Respondent.

_____

        Submitted March 21, 2018 — Decided June 15, 2018

        Before Judges Koblitz and Suter.

        On appeal from Superior Court of New Jersey,
        Law Division, Hudson County, Docket No. L-
        2292-15.

        Matsikoudis and Fanciullo, LLC, attorneys for
        appellant (Derek Fanciullo, on the brief).

        Farkas & Donohue, LLC, attorneys for
        respondent (Evelyn C. Farkas, of counsel;
        Christine M. Jones, on the brief).

PER CURIAM

    The estate of Dionysios Marketos appeals from the March 3,
2017 order granting summary judgment to Carepoint Health
(Carepoint) and dismissing plaintiff's slip and fall complaint.

Marketos was a priest who, on February 23, 2015, was giving last rites to a member of his congregation in the Bayonne Medical Center when he slipped and fell in the patient's hospital room, breaking his hip. Carepoint's summary judgment motion alleged that Marketos did not establish negligence. The trial court found there was no actual or constructive notice of a dangerous condition and that mode of operation did not apply. On November 20, 2016, after being deposed, Marketos died from amyotrophic lateral sclerosis (ALS). His estate was substituted as plaintiff.

"Summary judgment is appropriate 'when no genuine issue of material fact is at issue and the moving party is entitled to a judgment as a matter of law.'" Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016)); R. 4:46-2(c). "We review appeals from determinations of summary judgment by employing the same standards governing the trial court." Lee, 232 N.J. at 126. Plaintiff must be given the benefit of all favorable inferences. R. 4:46-2(c).

The admissible evidence did not show a factual dispute that would defeat summary judgment. Marketos did not know what caused his fall, nor did he notice anything on the floor. The nurse's report did not list a cause. She could not remember anything about the fall when she was deposed. Five hospital reports

contained the hearsay information that plaintiff slipped on ice.

A housekeeping employee submitted an affidavit stating:

> I recall the patient saying that Father Dionysios must have fallen because the floor was wet, apparently because she had spilled her ice water. I checked the floor and noticed a wet spot, which I mopped up.

It is not known how long the wet spot was there or even whether the wet spot came about before, during or after plaintiff was treated after his fall on the floor of the hospital room. The dying patient's statement is hearsay also.

"Hearsay is defined as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.' Hearsay is inadmissible unless it falls into one of the recognized exceptions." State v. Kuropchak, 221 N.J. 368, 387 (2015) (quoting N.J.R.E. 801(c) and citing N.J.R.E. 802).

Even if evidence existed that Marketos slipped on ice water spilled by the patient, there was no testimony that the hospital was negligent or violated any policy concerning cleaning up spills.

"Under the mode-of-operation rule, a business invitee who is injured [on the premises of the business] is entitled to an inference of negligence and is relieved of the obligation to prove that the business owner had actual or constructive notice of the dangerous condition that caused the accident." Prioleau v. Ky.

Fried Chicken, Inc., 223 N.J. 245, 248 (2015). "The rule has only been applied to settings such as self-service or a similar component of the defendant's business, in which it is reasonably foreseeable that customers will interact directly with products or services, unassisted by the defendant or its employees." Id. at 249. The "'factors bearing on the existence of a reasonable probability' that a dangerous condition would occur [are]: 'the nature of the business, the general condition of the premises, and a pattern of conduct or recurring incidents.'" Id. at 258 (quoting Bozza v. Vornado, Inc., 42 N.J. 355, 360 (1964)). The hospital room was not a self-service cafeteria and did not conform to the requirements of a mode-of-operation facility.

Without actual or constructive notice to defendant of the unknown condition that caused the fall, the motion court properly granted summary judgment dismissing the case.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3040-16T4