**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4324-17T1

D'ANDREA POWELL,

    Plaintiff-Appellant,

v.

TOWNSHIP OF NEPTUNE, NEW
JERSEY AMERICAN WATER
COMPANY,

    Defendants-Respondents,

and

JERSEY SHORE UNIVERSITY
MEDICAL CENTER,

    Defendant.

_____

Submitted May 2, 2019 – Decided July 5, 2019

Before Judges Whipple and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1359-16.

Hanus & Parsons, LLC, attorneys for appellant (Marc Peter Caswell, on the brief).

Plosia Cohen LLC, attorneys for respondent Township of Neptune (Jonathan Frederic Cohen, of counsel and on the brief; David Jonathan Ulric, on the brief).

Marshall Dennehey Warner Coleman & Goggin, attorneys for respondent New Jersey American Water Company (Walter F. Kawalec, III and Paul Christoph Johnson, on the brief).

PER CURIAM

Plaintiff, D'Andrea Powell, appeals from the November 17, 2017 orders entering summary judgment for defendants. We affirm.

Plaintiff was injured when she tripped and fell after stepping on an open utility valve access box in a private access road on the property of Jersey Shore University Medical Center (Jersey Shore) at the intersection of Davis Avenue and the Jersey Shore access road. The valve access box was located just north of where Davis Avenue (a public road) ends in a T-intersection with the Jersey Shore access road (a private road). A valve access box is a small, circular metal access hole, which permits access to underground utility shut-off valves. Normally, valve boxes are covered by iron caps, but the caps can become dislodged. Plaintiff alleges the valve box was uncapped when she tripped over it.

Plaintiff sued the Township of Neptune (Township), New Jersey American Water Company (American Water) and Jersey Shore. Jersey Shore

settled with plaintiff, and the remaining two defendants each denied responsibility for or ownership of the valve box. Defendants moved for summary judgment and both argued they only owned and were responsible for equipment on or underneath public roadways but not the property where plaintiff was injured. Additionally, even if plaintiff could prove ownership, she could not show either defendant had actual or constructive notice of the missing valve box cap.

Plaintiff advanced three unsuccessful theories. First, she argued if the valve box was a sewer pipe, then the Township bears responsibility because the Township owns and operates the sewer system on township property. After her injury, a cap stamped "sewer" was placed on the valve box, which led plaintiff to believe the Township owned the valve box. However, plaintiff could not confirm the pipe below the valve box was, in fact, a sewer pipe. The Township uses two types of sewer pipes: "mains" and "laterals." "Mains" are large sewer pipes that run beneath public roadways and are accessible by manhole covers wide enough to fit a person. "Laterals" are smaller pipes that connect the mains to private property, and the individual property owner is responsible for their maintenance and repair. Lateral access points are smaller than manhole covers and are only located on private property. There are no lateral access points on

3

public roadways in the Township. Hence, the Township denied ownership of the valve box where plaintiff tripped.

Plaintiff's second theory is if the valve box was a water pipe, American Water owns it. American Water owns and operates water mains and services lines. Water mains are larger pipes, typically under public roadways, that convey water. Service lines connect the water main to private property. The point at which a service line connects to private property is called a curb stop. A curb stop is a fitting device attached to the service line used to shut off water. Connecting lines begin at the curb stop, provide water to private property and are owned by the property owner.

American Water produced tariffs, which define the terms and conditions of water service, for both before and after plaintiff's injury. Both tariffs explained American Water was responsible for service lines and curb stops, while the property owner was responsible for connecting lines. Valve boxes, like the one plaintiff tripped over, are placed along mains, service lines and connecting lines. The type of line each valve box connects to dictates who is responsible for the valve box. Jeremiah Hulsart, an American Water representative, certified American Water did not own any assets or equipment

4

beneath the valve box plaintiff tripped on. Jersey Shore admitted plaintiff tripped on its property but denied ownership of the valve box.

American Water maintains service logs for the valve boxes it owns. Its representatives are responsible for servicing valve boxes and replacing caps if necessary. Hulsart certified American Water had no notice or complaints of a missing cap on Davis Avenue in the year before plaintiff's injury.

Plaintiff posited a third theory: the Township's snowplows damaged the cap. The Township is responsible for plowing Davis Road but not the access road. The Township's snowplow drivers are instructed to make a U- or K-turn when they reach the access road in order to proceed in the opposite direction on Davis Avenue. Hulsart explained it was possible for a snowplow to dislodge a cap, but plaintiff produced no direct evidence showing a snowplow, in fact, did so.

On November 17, 2017, after hearing oral argument, the judge found plaintiff did not prove either the Township or American Water owned the valve box and dismissed her claims. The judge found plaintiff's claims against the Township were speculative at best. The only proof plaintiff presented tending to show the Township owed the valve box was that it was stamped "sewer." However, plaintiff presented no proof this was anything but a lateral pipe, which

meant it was Jersey Shore's property. Moreover, plaintiff failed to even raise an inference that the Township's snowplows were responsible for dislodging the cap.

Plaintiff argued the valve box was connected to a water pipe, and the judge, affording plaintiff that inference, concluded Jersey Shore owned the valve box. Still, plaintiff offered no facts capable of disputing American Water's argument that all water delivery equipment past the curb stop belonged to Jersey Shore. Even if American Water owned the valve box, plaintiff failed to demonstrate it had constructive notice a cap was missing. This appeal followed.

On appeal, plaintiff argues the jury should have decided whether the valve box connected to a sewer or water pipe, and considering the trial judge found the valve box connected to a water pipe, the judge erred in concluding American Water did not have constructive notice of a dangerous condition. Plaintiff also contends a jury could find a Township snowplow dislodged the cap because the director of public works, who testified the Township does not plow the access road, did not actually plow Davis Avenue that winter. Finally, plaintiff argues the judge erred by not considering the facts in a light most favorable to her. We disagree.

We "review the trial court's grant of summary judgment de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The evidence must be viewed in "the light most favorable to the non-moving party[.]" Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012).

Determining whether there is a genuine issue for trial "does not require the court to turn a blind eye to the weight of the evidence; the 'opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" Triffin v. Am. Int'l Grp., Inc., 372 N.J. Super. 517, 523-24 (App. Div. 2004) (quoting Big Apple BMW, Inc v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992)). Opposition to a motion for summary judgment requires "competent evidential material" beyond mere "speculation" and "fanciful arguments." Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005). To survive summary judgment, the

opposing party must, with the benefit of all favorable inferences, show a rational factfinder could determine the plaintiff met her burden of proof. Globe Motor Co. v. Igdalev, 225 N.J. 469, 481 (2016).

A property owner owes a duty of care to prevent harm arising from a defect in property the owner had actual or constructive knowledge of and the opportunity to remedy. Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003); Brown v. Racquet Club of Bricktown, 95 N.J. 280, 291 (1984). However, proof of a fall and existence of a dangerous condition "does not, in and of itself, establish actual or constructive notice." Prioleau v. Ky. Fried Chicken, Inc., 434 N.J. Super. 558, 571 (App. Div. 2014), aff'd in part and modified in part, 223 N.J. 245 (2015); Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013). Rather, the plaintiff must prove, at the least, the dangerous condition's nature and duration was such that the property owner should have reasonably discovered it. Brown, 95 N.J. at 291; Bozza v. Vornado, Inc., 42 N.J. 355, 360 (1964).

Here, the trial judge properly found no genuine issue of material fact. Even affording plaintiff all favorable inferences, she presented no evidence to demonstrate either the Township or American Water was responsible for the valve box. Assuming plaintiff tripped over a sewer pipe, it was a lateral and

belonged to Jersey Shore. If it was a water pipe, it was past the curb stop and Jersey Shore's responsibility. Whether a snowplow dislodged the cap is pure speculation. If a trial was held, plaintiff would have the jury speculate as to who owned the valve box. However, "[a]n inference [of negligence] can be drawn only from proved facts and cannot be based upon a foundation of pure conjecture, speculation, surmise or guess." Prioleau, 434 N.J. Super. at 570-71 (second alteration in original) (quoting Long v. Landy, 35 N.J. 44, 54 (1961)).

Even if we were to assume the valve box connected to a water pipe, plaintiff presented no facts to indicate American Water should have been aware the cap was missing. Hulsart certified American Water received no service requests to repair or replace the cap on the particular valve box plaintiff tripped over. Plaintiff put forward no evidence capable of rebutting this. A Jersey Shore representative testified that he thought American Water owned the valve box, but this tends to show, at best, ownership, not constructive knowledge. As a result, a rational factfinder could not determine either defendant breached a duty of care.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4324-17T1