**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2015-22

TOMMASO CALAUTTI,

     Plaintiff-Appellant,

v.

AUTOZONE, INC.,

     Defendant-Respondent.

_____

Submitted February 14, 2024 – Decided November 19, 2024

Before Judges Vernoia and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0184-21.

Law Offices Rosemarie Arnold, attorneys for appellant (William Stoltz and Sheri Breen, on the briefs).

Methfessel & Werbel, attorneys for respondent (Charles T. McCook, Jr., on the brief).

   The opinion of the court was delivered by

WALCOTT-HENDERSON, J.S.C. (temporarily assigned).

In this slip-and-fall personal injury matter, plaintiff Tommaso Calautti appeals from an order granting defendant AutoZone Inc.'s motion for summary judgment. Plaintiff, a customer, fell on a wet floor shortly after entering defendant's aftermarket automotive parts and accessories store. The motion court granted defendant's summary-judgment motion, finding plaintiff lacked sufficient proof establishing defendant had actual or constructive notice of the wet floor or how long the floor was wet. For the reasons that follow, we affirm.

We summarize the undisputed facts, viewed most favorably to plaintiff, as the party who opposed defendant's summary judgment motion. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The pertinent facts are undisputed and taken from the parties' statements of material facts made part of the summary-judgment motion record, as supported by plaintiff's deposition testimony. On July 23, 2019, at approximately 7:30 p.m., plaintiff entered defendant's store carrying a car battery in both of his hands at about waist-height. Upon entering the store, plaintiff wiped his feet on a doormat or rug just inside the entry door, took two or three steps towards the service counter, and fell to the floor, injuring his right knee and lower back.

Plaintiff did not see anything on the floor and did not know what caused him to fall. Plaintiff was accompanied by a friend who had entered the store

with him and who witnessed the fall. After plaintiff fell, his friend touched the floor near where plaintiff landed and told him the floor was wet. Plaintiff's jeans were also wet after the fall.

Plaintiff filed a personal injury complaint against defendant alleging that, as a customer or business invitee lawfully on defendant's premises, defendant owed him a duty to maintain the premises in a safe and proper condition and breached that duty of care by allowing the premises to remain in an unsafe and dangerous condition that caused him to become injured. Plaintiff further alleged that defendant "had actual notice of said hazardous and/or dangerous condition and/or by reasonable inspection thereof, would have and should have discovered the hazardous and/or dangerous condition, and had a duty to warn plaintiff of any and all hazardous and/or dangerous conditions existing on the premises."

A period of discovery ensued, during which plaintiff sat for a deposition. Plaintiff testified that he went to defendant's store with a friend, and they arrived between 7:00 and 8:00 in the evening and, at the time, it was still light outside. According to plaintiff, he parked the car in the lot just outside defendant's store. Plaintiff testified the parking lot was not wet, although there "might have been puddles because it's not a flat surface," and it "had been raining early morning like the day before . . . , but it [was] not raining when this happened." Plaintiff

3

testified that he stepped out of the car and waited for his friend to get out of the car. He stated, "I grabbed the battery and we proceeded to the entrance. [My friend] opened the door for me. I went in, rubbed my feet, got two or three steps after the rug that was there and that's when I fell." Plaintiff further testified that after he fell, he noticed dirty shoeprints of varying sizes on the floor he had not noticed before the accident.

Plaintiff was wearing blue jeans at the time, and he testified that after he fell, his jeans were moist and appeared darker "near [the] ankle and below the knee," but that his pant leg "wasn't drenched, it wasn't dripping, but it was wet." After he fell, plaintiff observed defendant's employee mop the area and put up a "wet floor" sign. Plaintiff did not know how long the floor had been wet or what had caused the wetness.

Defendant filed a motion for summary judgment, arguing that plaintiff could not prove defendant knew of the dangerous condition — the wet floor — prior to plaintiff's fall. Defendant maintained that plaintiff made no observations of anything on the floor before he fell and it was only after he fell that his friend touched the floor and told him it was wet.

Plaintiff opposed the motion on substantive grounds, arguing there was a genuine issue of material fact concerning whether defendant had actual or

4

constructive notice of the wet floor — the condition that had caused plaintiff's fall and subsequent injuries. Plaintiff further argued that defendant's statement of material facts in support of its motion failed to comply with Rule 4:46-2 because it lacked citations to the record. Plaintiff, nevertheless, responded to defendant's statement of facts, "for the sake of judicial resources."

In its brief on appeal, defendant states that it sought in its reply brief before the motion court to address the "inadvertent omission" of proper citations in its statement of undisputed material facts, reminding the court that proper citations supporting all relevant facts in its statement of material facts were included in the certification of counsel that had been submitted in support of the summary-judgment motion. Defendant asked the court to carry the motion for one cycle to allow it to provide corrected citations to the record in support of its statement of material facts.[1] The court denied defendant's request to adjourn the motion. It is undisputed that defendant's statement of material facts includes general citations to the record for each fact asserted and defendant's certification of counsel, filed with the motion, restates the material facts and includes the required citations to the record.

---

[1] Defendant's reply brief in support of its motion for summary judgment is not part of the record. See R. 2:6-1(a)(2).

After hearing argument, the motion court issued a concise written opinion granting summary judgment in defendant's favor. The court stated, "constructive knowledge refers to notice that a particular condition existed for such a length of time as to have resulted in knowledge of the condition if the owner was reasonably diligent," citing Parmeter v. Jarvis Drug Store, 48 N.J. Super. 507, 510 (App. Div. 1957). The court explained there were "no facts that preclude summary judgment" because "[p]laintiff alleges that the floor was wet, but he cannot show how long it was wet," and "[t]here must be some evidence to show the length of time that a dangerous condition exists to assume constructive knowledge by [defendant]. Here there is no such evidence."

The court rejected plaintiff's argument that the dirty shoeprints he had seen after the fall were evidence of the length of time the floor had been wet and that defendant should have known about the wetness. Referring to plaintiff's testimony that there were dirty shoeprints on the floor, the court stated, "[t]he existence of shoeprints, particularly in a do-it-yourself automobile parts store, is not indicative of the length of time that the floor was wet . . . a store employee could dry the floor without cleaning the shoeprints. The shoeprints are irrelevant." The court concluded that "[w]ithout a relevant nexus to connect the wetness to some period of time, [p]laintiff cannot prove that [defendant]

6

constructively knew of the allegedly dangerous condition." The court granted defendant's summary-judgment motion and dismissed plaintiff's complaint with prejudice. Plaintiff appealed.

I.

On appeal, plaintiff presents the following points for our consideration:

POINT I

THE MOTION COURT ERRED IN GRANTING THE DEFENDANT'S MOTION OF SUMMARY JUDGMENT BECAUSE DEFENDANT'S MOTION FAILED TO COMPLY WITH THE REQUIREMENTS OF R[ULE] 4:46-2.

POINT II

SUMMARY JUDGMENT WAS IMPROPER BECAUSE PLAINTIFF RAISED A MATERIAL ISSUE OF FACT AS TO CONSTRUCTIVE NOTICE OF THE CONDITION WHICH CAUSED HIS FALL.

We review the grant of summary judgment de novo, applying the same standard as the trial court. Henry v. N.J. Dep't of Hum. Servs., 204 N.J. 320, 330 (2010). We determine whether the moving party has demonstrated the absence of genuine issues of material fact, and whether the trial court has correctly determined that the movant is entitled to judgment as a matter of law,

owing no deference to the trial court's legal conclusions.  N.J. Dep't of Env't. Prot. v. Alloway Twp., 438 N.J. Super. 501, 507 (App. Div. 2015).

Rule 4:46-2(c) provides that a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  The court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  Brill, 142 N.J. at 540.

"To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'"  Friedman v. Martinez, 242 N.J. 450, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)).  "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"  Rios v. Med. Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540).  However, if the evidence is "so one-sided that one party must prevail as a matter of law," the

trial court should not hesitate to grant summary judgment. <u>Brill</u>, 142 N.J. at 540 (quoting <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 252 (1986)).

Plaintiff first argues defendant's summary-judgment motion was deficient because it lacked citations to the record and therefore should not have been considered on the merits. Defendant concedes that its statement of undisputed material facts failed to comply with <u>Rule</u> 4:46-2(a)[2] but submits that there was "substantial compliance with the <u>Rule</u>" since all the citations to the record for all the alleged undisputed material facts on which the motion was based were provided in the certification of counsel that was submitted to plaintiff and the court in support of the motion.

<u>Rule</u> 4:46-2(a) requires that a motion for summary judgment must be supported by a brief and a separate statement of material facts that sets forth "in separately numbered paragraphs a concise statement of material facts . . . together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted." The <u>Rule</u> further provides that failure to do so may result in the dismissal of the motion without prejudice. <u>Rule</u> 4:46-2(a).

---

[2] Defendant incorrectly cites to <u>Rule</u> 4:26-2(a) in the brief.

Here, the court did not expressly address plaintiff's argument "it was procedurally improper for the [m]otion [c]ourt to hear the [d]efendant's motion on the merits, because [defendant had] failed to provide a properly supported statement of facts in support of [its] motion." The motion court heard and decided the motion irrespective of defendant's failure to comply with the strict requirements of Rule 4:46-2(a) and determined that summary judgment was indeed warranted.

We note that under Rule 4:46-2(a), a court may deny a motion for summary judgment without prejudice if the movant fails to file the required statement of material facts. Kopec v. Moers, 470 N.J. Super. 133, 156 (App. Div. 2022). The rule, however, does not preclude the court from deciding the motion; rather it prescribes the technical requirements for making and resisting the motion to focus the parties' attention on the areas of actual dispute. See Lyons v. Township of Wayne, 185 N.J. 426, 435-36 (2005).

Here, the parties relied on the same material facts. More particularly, defendant's statement of material facts includes statements from plaintiff's deposition testimony and allegations contained in his complaint, with references and partial citations to those sources; although it fails to include complete citations by page, paragraph or line numbers, as required under Rule 4:46-2(a).

Additionally, defendant's counsel's certification, which is also part of the summary-judgment-motion record, restates defendant's material facts with complete and proper citations to the record. Thus, defendant's departures from the requirements of Rule 4:46-2 do not constitute "material deviations . . . which should deny defendant[] the relief that [it] w[as] properly granted." Hancock v. Borough of Oaklyn, 347 N.J. Super. 350, 362 (App. Div. 2002). And, we are satisfied that despite defendant's initial failure to comply with Rule 4:46-2(a) by providing complete and proper citations to the record for each fact averred, the material facts relied on by the court were not disputed and, thus, the case was ripe for a decision on the summary-judgment motion. See Kenney v. Meadowview Nursing and Convalescent Ctr., 308 N.J. Super. 565, 569-70 (App. Div. 1998) ("Despite the failure to comply with R. 4:46-2(a), we are satisfied that this case was ripe for summary judgment. The material facts were not disputed").

## II.

We next address whether the court erred by granting defendant's motion for summary judgment based on its finding that plaintiff failed to establish defendant had actual or constructive notice of the wet floor he claimed had caused him to fall.

11

A cause of action for negligence "requires the establishment of four elements: (1) a duty of care; (2) a breach of that duty; (3) actual and proximate causation; and (4) damages." Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013). The plaintiff "bears the burden of establishing those elements 'by some competent proof.'" Davis v. Brickman Landscaping Ltd., 219 N.J. 395, 406 (2014) (citing Buckalew v. Grossbard, 87 N.J. 512, 524 (1981), then quoting Overby v. Union Laundry Co., 28 N.J. Super. 100, 104 (App. Div. 1953)).

The "proprietor of premises to which the public is invited to do business is under a duty to use reasonable care to maintain the premises in a condition reasonably safe for the business invitee's use." Parmenter v. Jarvis Drug Store, 48 N.J. Super. 507, 510 (App. Div. 1957). "[A] proprietor's duty to his invitee is one of due care under all the circumstances." Prioleau v. Kentucky Fried Chicken, Inc., 223 N.J. 245, 257 (2015) (quoting Bozza v. Vornado, Inc., 42 N.J. 355, 359 (1964)). The duty of due care to a "business invitee includes an affirmative duty to inspect the premises and 'requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe.'" Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super.

12

596, 601 (App. Div. 2016) (quoting Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003)).  Thus, "an invitee seeking to hold a business proprietor liable in negligence 'must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident.'"  Prioleau, 223 N.J. at 257 (quoting Nisivoccia, 175 N.J. at 563).  Stated differently, "[t]he absence of [such actual or constructive] notice is fatal to plaintiff's claims of premises liability".  Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013).

"A defendant has constructive notice when the condition existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent.'"  Troupe, 443 N.J. Super. at 602 (quoting Parmenter, 48 N.J. Super. at 510).  Constructive notice can be inferred from the characteristics of the dangerous condition which may indicate how long the condition lasted.  Id.; see, e.g., Grzanka v. Pfeifer, 301 N.J. Super. 563, 574 (App. Div. 1997) (finding constructive notice where an eyewitness observed the light had been out "for a while"); Tua v. Modern Homes, Inc., 64 N.J. Super. 211, 220 (App. Div. 1960) (finding constructive notice where wax on a floor had hardened around its edges); Parmenter, 48 N.J. Super. at 511 (finding "dirtiness" of water that caused the plaintiff's fall "tended to be corroborative of

13

the length of time it lay on the floor").  However, the "mere '[e]xistence of an alleged dangerous condition is not constructive notice of it.'"  Arroyo, 433 N.J. Super. at 243 (quoting Sims v. City of Newark, 244 N.J. Super. 32, 42 (Law Div. 1990)).

Plaintiff does not argue that defendant had actual notice of the wet-floor condition or defect that caused his fall.  He instead claims "there was more than sufficient evidence in the record to demonstrate constructive notice on the part of the [d]efendant."  Plaintiff argues the motion court erred in finding the evidence insufficient to establish that defendant had constructive notice of the wet-floor condition that caused his fall.  In support of his argument, plaintiff claims "[t]he fact that the accident occurred in such a high traffic location where the [d]efendant's employees would almost always be present (or immediately nearby) certainly aids in the finding of constructive notice."  More particularly, plaintiff asserts that "the size of the defect supports a finding of constructive notice," referring to the fact that after he fell the "wet substance on the ground was of such a size to render a sizable portion of the leg of his pants wet . . . ."  Plaintiff argues that "most importantly," when he looked at the wet area after he fell, he observed that there were dirty shoeprints in the wet substance, "indicating it had been walked through by multiple people."  Plaintiff asserts

that he slipped and fell in a puddle of a wet slippery substance which was large enough to make his pant leg wet and that the shoeprints he observed, indicated that the "puddle had been there for sufficient time for multiple people to step into it."

Plaintiff maintains that these facts were "more than sufficient evidence to support a finding of constructive notice" and when viewed in the light most favorable to him, should have precluded summary judgment. Brill, 142 N.J. at 540. Plaintiff relies on Chatman v. Hall, 128 N.J. 394, 418 (1991), and Milacci v. Mato Realty Co., Inc., 217 N.J. Super 297, 302-03 (App. Div. 1987), for the proposition that the size of a defect can support a reasonable inference of constructive notice.

Plaintiff, however, does not address the facts of these cases and ignores that Chatman and Milacci involve claims brought under the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3 (TCA), which includes its own statutory definition of constructive notice. Under the TCA, a public entity shall be deemed to have constructive notice of a dangerous condition only if the plaintiff "establishes that the condition had existed for a period of time and was of such an obvious nature that the public entity, in the exercise of due care should have discovered the condition and its dangerous character." N.J.S.A. 59:4-3(b). However, the

TCA — and its statutory definition of constructive notice — are inapplicable here because defendant is not a public entity.

We are therefore obliged to apply the common law standard, which provides that a defendant has constructive notice when "the condition existed for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent." Troupe, 443 N.J. Super. at 602. Or, constructive notice can be inferred from "eyewitness testimony or from the characteristics of the dangerous condition, which may indicate how long the condition lasted." Ibid. However, "the mere existence of an alleged dangerous condition is not constructive notice of it." Arroyo, 433 N.J. Super. at 243.

Here, defendant asserts that "[s]ummary judgment was properly granted because even giving all favorable inferences to the plaintiff's factual allegations, there was no evidence from which a jury could conclude that defendant had constructive notice of the alleged condition." Defendant maintains that plaintiff was in fact accorded

> the favorable inference that the floor where he fell was wet . . . . However, no inference could be drawn from plaintiff's own testimony concerning how long the wet substance had been present, since he testified he had no idea where the substance came from or how long it had been present . . . .

16

Defendant contends plaintiff had received the favorable inference that the floor where he fell was wet but disputes plaintiff's contention that the dirty shoe marks plaintiff noticed on the floor after he fell supported a reasonable inference as to the length of time the wet condition had been present. Defendant further argues that "[a]n inference can be drawn only from proved facts and cannot be based upon a foundation of pure conjecture, speculation, surmise or guess." Long v. Landy, 35 N.J. 44, 54 (1961) (citing Rivera v. Columbus Cadet Corps of Am., 59 N.J. Super. 445, 449 (App. Div. 1960)).

The motion court agreed with this contention, citing plaintiff's failure to present evidence establishing defendant knew or should have known of the wet floor or the length of time that the floor was wet prior to plaintiff's fall. Troupe, 443 N.J. Super. at 602 (finding that there was inadequate evidence of actual or constructive notice of the dangerous condition of the premises where there was no proof anyone had knowledge of the berry on the floor, there were no eyewitnesses and nothing about the berry would indicate how long it had been there, and there were no other berries in the vicinity).

Plaintiff also cites to Troupe, where we found the defendant did not have constructive notice of the dangerous condition — a berry found on the floor in the aisle of a department store — which caused the plaintiff to slip and fall. 443

17

N.J. Super. at 602. Plaintiff cites our opinion in <u>Troupe</u> for the general proposition that "the characteristic of the dangerous condition giving rise to the slip and fall or eyewitness testimony may support an inference of constructive notice about the dangerous condition." We agree our reasoning in <u>Troupe</u> is equally applicable here but it does not support plaintiff's claim.

The plaintiff in <u>Troupe</u> slipped on an "unseen berry" on the floor in the aisle of the baby section of defendant's department store. <u>Id.</u> at 600. We affirmed the trial court's summary judgment award to defendant because the plaintiff did not present any evidence the defendant or any of its employees had actual knowledge of the berry on the floor prior to the plaintiff's fall, and nothing about the characteristics of the berry indicated how long it had been on the floor. <u>Id.</u> at 602. We concluded the trial court therefore correctly determined the plaintiff had failed to establish the defendant had actual or constructive notice of that dangerous condition, and thus had failed to carry his burden of proving negligence. <u>Ibid.</u>

Like the plaintiff in <u>Troupe</u>, plaintiff offered no proof that defendant knew, or should have known by the exercise of diligence, of the wet floor condition and the danger that existed prior to his fall. Defendant does not dispute that it owed a duty to plaintiff as a business invitee who entered its store

for service. Neither does defendant dispute that the floor where plaintiff fell was wet. Defendant maintains the court did not err in granting summary judgment in its favor, even giving plaintiff all favorable inferences, "because plaintiff cannot prove constructive notice by establishing that the alleged condition existed for a sufficient period for defendant to have discovered it" and remedied it prior to plaintiff's fall.

Here, there is no evidence establishing the length of time the wet condition on the floor had existed prior to plaintiff's fall, no complaints from other customers in the store about a wet floor, and no proof that defendant's employees saw a wet area on the floor prior to plaintiff's slip and fall. The mere "[e]xistence of an alleged dangerous condition is not constructive notice of it," Arroyo, 433 N.J. Super. at 243 (quoting Sims, 244 N.J. Super. at 42), and the motion court correctly determined plaintiff failed to present sufficient evidence permitting a reasonable jury to find defendant had constructive notice of the presence of water or wet spot on the floor. The mere existence of shoeprints does not establish the length of time the dangerous condition existed and plaintiff otherwise failed to present any competent evidence supporting his speculative argument and conclusory assertion that the shoeprints established that the floor had been wet for a time sufficient to support a reasoned conclusion defendant

had actual or constructive notice of the condition. Without evidence establishing the length of time during which the wet spot and shoeprints existed, or whether the shoeprints were in any manner the product of the wet spot, a jury could not have reasonably inferred that the defendant had either actual or constructive notice of the condition. Parmenter, 48 N.J. Super. at 510.

Because plaintiff did not establish defendant breached a duty of care to support a prima facie claim of negligence, defendant is entitled to summary judgment as a matter of law. See Davis, 219 N.J. at 406. As previously stated, "the mere '[e]xistence of an alleged dangerous condition is not constructive notice of it.'" Arroyo, 433 N.J. Super. at 243.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2015-22